UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT SCOTT MCCOLLOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-1488-B |
| | § | |
| CITY OF KEMP, TEXAS, JIMMY | § | |
| COUNCIL, and MATT HINDS, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendants' Motion to Stay Case (doc. 17), filed on July 30, 2014. In their Motion, Defendants seek a stay of this case, arguing that pending criminal matters against Plaintiff may bar the civil claims that are the subject of the present lawsuit. For the reasons set forth below, the Court finds that this matter should be stayed pending resolution of the criminal charge against Plaintiff. Accordingly, the Court **GRANTS** the Motion.

## I.

## BACKGROUND

Plaintiff Robert Scott McCollom filed the present lawsuit on March 26, 2014, alleging violations of 42 U.S.C. § 1983 against Defendants City of Kemp, Texas, as well as against Jimmy Council, a law enforcement officer of the City of Kemp Police Department, and Matt Hinds, a deputy for the Kaufman County Sheriff's Department. Doc. 1, Compl. 1–9. The claims arise out of an incident that occurred on April 1, 2012, during which Defendants stopped Plaintiff for a traffic offense and allegedly used excessive force and unlawfully arrested Plaintiff. *Id.* at 2. Pursuant to the

same April 1, 2012 event, Plaintiff was charged with the criminal offense of Resisting Arrest, Search, or Transportation due to his alleged resistance to the same arrest. Defs.' Mot., Ex. 1, Information. Plaintiff's criminal charge is pending in the County Court at Law of Kaufman County, Texas, and is currently set for trial on December 15, 2014.

Defendants City of Kemp and Jimmy Council ("Defendants") filed the present Motion to Stay Case (doc. 17) on July 30, 2014.[1] In their Motion, Defendants seek a stay of this civil case pending resolution of the state criminal charge against Plaintiff for resisting arrest during the April 1, 2012 incident. Defs.' Mot. 2–3. Defendants argue that a stay is warranted because, under *Heck v. Humphrey* and its progeny, a criminal conviction in the pending criminal matter would bar Plaintiff's civil claims here. 512 U.S. 477 (1994); Defs.' Mot. 2–3. Plaintiff filed his Response in Opposition to Defendants' Motion to Stay Case (doc. 21) on August 22, 2014, arguing that *Heck* does not prevent his civil claims from proceeding while his criminal charge is pending because there is no overlap between the claims he asserts against Defendants and the criminal charge against him. Defendants filed their Reply (doc. 22) on August 29, 2014. The Motion is now ripe for the Court's review.

## II.

## LEGAL STANDARD

A.    *Heck v. Humphrey Standard*

In *Heck v. Humphrey*, the Supreme Court declared that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

---

[1] Defendants City of Kemp and Jimmy Council have indicated that the remaining Defendant, Matt Hinds, does not oppose the Motion to Stay Case and agrees with the relief it requests. Defs.' Mot. 3.

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87; *see also Hoog-Watson v. Guadalupe Cnty., Tex.*, 591 F.3d 431, 434 (5th Cir. 2009); *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000). The *Heck* court elaborated that when a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007). The Fifth Circuit has further explained that, under *Heck*, "a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted," unless he proves that his conviction or sentence has been reversed, expunged, or otherwise declared invalid. *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006).

B.      *Stay of Civil Case Pending Criminal Proceedings*

        In the present case, Plaintiff's criminal charge remains pending, as he has not yet been tried in state court. "When it is premature to determine whether a plaintiff's civil damages claims may be barred under *Heck*, the Fifth Circuit has counseled that this Court 'may—*indeed, should*—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.'" *Quinn v. Guerrero*, No. 4:09-CV-166, 2010 WL 412901, at *2 (E.D. Tex. Jan. 28, 2010) (quoting *Mackey v. Dickson*, 47 F.3d

744, 746 (5th Cir. 1995)) (emphasis added); *see also Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713–14 (5th Cir. 2004) (finding that plaintiff's civil claims should have been stayed pending the resolution of the criminal proceedings against him because it was impossible to determine whether the civil claims necessarily implicated the validity of any conviction or sentence that plaintiff had received or might receive); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention").

## III.

## ANALYSIS

The Court must determine whether Plaintiff's section 1983 claims for false arrest and excessive force must be stayed pending resolution of the state criminal charge against him for resisting arrest. Defendants request a stay of the civil proceeding pending the resolution of Plaintiff's criminal charge, arguing that the two cases arise out of the same April 1, 2012 incident. Defs.' Mot. 2–3. They maintain that Plaintiff's claims for false arrest and excessive force "at least potentially[] impugn the validity of a criminal conviction against Plaintiff for resisting arrest." *Id.* at 3. Therefore, they argue, the civil claims would be barred under *Heck. Id.* at 2–3. Relying on the Fifth Circuit's decision in *Mackey v. Dickson*, they contend that Plaintiff's section 1983 claims should be stayed because the ongoing criminal matter might result in the claims' preclusion under *Heck. Id.* at 2 (citing *Mackey*, 47 F.3d at 746; *Brown v. Sudduth*, 255 F. App'x 803, 805–07 (5th Cir. 2007)).

In response, Plaintiff argues that Defendants' reliance on the Fifth Circuit cases *Mackey v. Dickson* and *Brown v. Sudduth* is misplaced. Doc. 21, Pl.'s Resp. 4–6. Plaintiff instead directs the Court to the portions of these decisions that reiterate *Heck*'s conclusion that section 1983 claims do

not "necessarily imply the invalidity" of an underlying conviction. 512 U.S. at 487; *Mackey*, 47 F.3d at 746; *Brown*, 255 F. App'x at 806; Pl.'s Resp. 4–6. By referring to these excerpts from *Mackey* and *Brown*, Plaintiff attempts to suggest that his claims against Defendants are not interconnected with the criminal charge pending against him, noting that "the issues that will be adjudicated [in the civil case] are entirely irrelevant to the criminal prosecution." Pl.'s Resp. 6.

Plaintiff further asserts that "there is absolutely no overlap between the elements of the offense with which Plaintiff has been charged and the causes of action that form the basis of Plaintiff's civil complaint in this case." Pl.'s Resp. 6. In support of this argument, Plaintiff offers a chart listing the respective elements of each offense. *Id.* at 3. The elements of a charge for resisting arrest are: (1) a person; (2) intentionally; (3) prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest . . . of the actor or another; (4) by using force against the peace officer or another. Tex. Penal Code § 38.03; *Guevara v. State*, 585 S.W.2d 744, 745 (Tex. Crim. App. 1979) *overruled on other grounds by Jones v. State*, 606 S.W.2d 856 (Tex. Crim. App. 1980). Having established the elements of his pending criminal charge, Plaintiff then proceeds to outline the elements of the two claims which he brings against Defendants and argues that they do not contain any of the elements included in the charge for resisting arrest. Pl.'s Resp. 3. The elements of a claim for false arrest are: (1) the willful detention; (2) without consent; (3) without authority of law. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). The elements of a claim for use of excessive force are: (1) an injury; (2) that resulted directly and only from the use of force that was clearly excessive to the need; (3) and the excessiveness of which was objectively unreasonable. *Aujla v. Hinds Cnty., Miss.*, 61 F. App'x

917, at *3 n.4 (5th Cir. 2003) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.), *opinion on rehearing*, 186 F.3d 633 (5th Cir. 1999)).

Whether a stay of Plaintiff's section 1983 claims is warranted depends upon the relation between the civil and criminal cases; if it is "premature to determine whether or not [Plaintiff's] damages claims are barred under *Heck*," or if it is clear that they would be barred under this standard, "[t]he court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course." *Mackey*, 47 F.3d at 746. In evaluating whether Plaintiff's civil claims might be barred under *Heck*, the Court must "conduct a fact-specific analysis to determine whether success on his [excessive force and false arrest claims] would require negation of an element of the criminal offense [of resisting arrest] or proof of a fact that is inherently inconsistent with a conviction on . . . the underlying criminal charge[]." *Quinn*, 2010 WL 412901, at *2 (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)). Therefore, "if the factual basis for the conviction [would be] temporally and conceptually distinct" from Plaintiff's section 1983 claims, these claims would not necessarily imply the invalidity of the criminal charge and would thus not be barred under *Heck*. *Bush*, 513 F.3d at 498. Accordingly, the present civil case would not need to be stayed pending the criminal case. Conversely, if the facts supporting the criminal charge are not temporally and conceptually distinct from the facts supporting the civil claims, or if it is unclear whether they would be distinct, the civil claims must be stayed. *Mackey*, 47 F.3d at 746.

The Court first considers Plaintiff's argument that Defendants improperly relied on *Mackey* and *Brown*. Though Plaintiff correctly emphasizes that theses cases echo *Heck* and reiterate that a claim for unlawful arrest does not necessarily undermine the validity of an underlying conviction, Plaintiff fails to note the central holdings articulated in these cases. *Mackey*, 47 F.3d at 746; *Brown*,

255 F. App'x at 806. In *Mackey*, the Fifth Circuit vacated the district court's dismissal of plaintiff's section 1983 claim, noting that it was not barred under *Heck* because it did not necessarily implicate the validity of his criminal conviction. *Id.* at 745–46. Even though the court held that the civil claims should not have been dismissed, it did state, however, that the civil matter should be *stayed* pending resolution of the criminal proceeding, "as until that time it may be difficult to determine the relation, if any, between the two." *Id.* at 746.

Plaintiff's attack on Defendants' reliance on *Brown* similarly fails to distinguish between reversing a *dismissal* of a civil claim pursuant to *Heck* and finding that the civil claim should nonetheless have been *stayed*. Plaintiff emphasizes *Brown*'s reasoning that an unlawful arrest claim is not necessarily barred under *Heck*, but he overlooks the fact that the court in *Brown* simply reversed the district court's finding that the civil claim is barred under *Heck*; it did not state that a *stay* of the civil proceeding is not warranted in such circumstances. 255 F. App'x at 806–08.

The Court next turns to Plaintiff's assertion that the elements of his present civil claims are distinct from the elements of the pending criminal charge against him. Despite the fact that the elements of resisting arrest do not overlap with the elements of the civil claims for excessive force and false arrest, the Court finds that the criminal and civil cases arise out of the same incident and are so closely interrelated that resolution of the civil claims may implicate the validity of any conviction in the criminal matter. Defendants' alleged civil rights violations arise from the same facts attendant to Plaintiff's pending criminal charge for resisting his April 1, 2012 arrest. The claims are not temporally distinct, as they arise out of one incident occurring on April 1, 2012. Moreover, they are not conceptually distinct because they arise from the same set of facts—the traffic stop and the ensuing encounter during which Defendants allegedly used excessive force and falsely arrested

Plaintiff (according to the present civil case), and during which Plaintiff allegedly resisted this particular arrest (according to the pending criminal case). Plaintiff challenges the legality of his arrest and the degree of force used during this arrest. However, resolving these issues may directly implicate the validity of a conviction on the criminal charge of resisting arrest. Consequently, the present civil case must be stayed pending the outcome of the state criminal proceeding against Plaintiff.

Finally, the Court notes that, in light of *Heck*, it would be a waste of judicial time and resources, as well as of the time and resources of the parties, for this case to remain active pending resolution of the criminal proceedings against Plaintiff.

Finding that Plaintiff's civil claims arise out of the same occurrence which forms the basis for the criminal charge against him, the Court concludes that the interrelation between the two cases warrants a stay of the present case and therefore **GRANTS** Defendants' Motion.

## IV.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Stay Case (doc. 17) is hereby **GRANTED.** Therefore, this case is **STAYED** until the state criminal charge against Plaintiff in Kaufman County, Texas (Case No. 14-0049-CC-M, *State of Texas v. Robert Scott McCollom*) is resolved. The Clerk of Court is directed to Administratively Close this action. Once the state criminal proceeding is concluded, Plaintiff may file a motion to reopen within twenty-one days. Otherwise, this case will be dismissed without prejudice.

SO ORDERED.

SIGNED: November 14, 2014.


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE